UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00025-SEB-MJD |
| | ) | |
| BROOKLYNN G MACK, | ) -02 | |
| | ) | |
| Defendant. | ) | |

## ORDER

### I. Background

Defendant filed a pro se motion that the Court construed as a motion for compassionate under Section 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 537. The Court appointed counsel to represent Defendant and stayed the matter pending counsel's review of the case. Dkt. 539. Counsel has now appeared on Defendant's behalf. Dkt. 541.

As relevant here, § 603 of the First Step Act allows the Court to reduce a sentence if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). That section prevents a court from modifying a sentence until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This Court has held that the exhaustion requirement is not jurisdictional and can be waived by the government but that the Court cannot waive it over the government's objection. *See United States v. Cox*, No. 4:18-cr-17-TWP-VTW-1, 2020 WL 1923220, at *3 (S.D. Ind. Apr.

21, 2020); *United States v. Jackson*, No. 2:15-cr-00013-JMS-CMM-1, Dkt. 137 (S.D. Ind. Apr. 28, 2020).

On August 28, 2020, the Court issued an Order informing the parties that the stay would expire November 24, 2020. Dkt. 548. The Court also informed the parties that any amended motion for compassionate release or motion to lift the stay and adoption of Defendant's previously-filed motion for compassionate release must be supported by evidence that 30 days have passed since Defendant's warden received a request for compassionate release. *Id.* The Court informed the parties that, alternatively, Defendant's counsel could confer with the United States and submit a statement certifying that the United States agrees that Defendant has exhausted administrative remedies or that the United States will waive the exhaustion requirement in this case. *Id.*

On September 2, 2020, the United States filed a document that purports to be a "motion to dismiss" Defendant's motion for compassionate release. Dkt. 550. The United States argues that the Court should "dismiss" Defendant's motion because she has not even alleged that she has exhausted administrative remedies and because her motion for compassionate release is barred by a plea waiver. *Id.* Defendant responded on September 23, 2020. Dkt. 557. Defendant argues that the plea waiver does not bar her motion. *Id.* She also argues that the Court can hear her motion because she has exhausted administrative remedies. *Id.* The United States did not file a reply, and the time for doing so has passed.

## II.     Discussion

### A.     Exhaustion of Administrative Remedies

The Court will not deny Defendant's motion for compassionate release for failure to exhaust administrative remedies at this time. The Court has repeatedly refused to preemptively deny motions for compassionate release on exhaustion grounds. Instead, the Court has—with the

United States' support—repeatedly found that judicial economy favors giving defendants additional time to exhaust, even when the defendant filed a motion for compassionate release too soon. *See, e.g.*, *United States v. Fraley*, No. 4:15-cr-00028-TWP-VTW-10, Dkt. 964 (United States agreeing to stay proceedings for 24 days so that the defendant could exhaust administrative remedies where the defendant filed her motion for compassionate release too soon). The Court will do the same in this case. As stated in the Court's August 28 Order, any amended motion or motion to lift stay and adoption of Defendant's previously filed motion must be supported by evidence that Defendant has exhausted administrative remedies or a certification that the United States will not contest exhaustion in this case. Dkt. 548. If the United States believes that Defendant has not exhausted her administrative remedies when counsel files an amended motion or adopts Defendant's previously filed motion, it may raise that argument in its response. Likewise, if Defendant has not exhausted her administrative remedies by November 24, 2020, the Court may consider denying her motion without prejudice at that time.[1]

**B.    Plea Waiver**

The United States' plea waiver argument also fails. The United States argues that Defendant waived her right to seek a sentence modification based on the terms of her plea agreement. Dkt. 550. Defendant entered into her plea agreement in April 2016, dkt. 164, and pled guilty in January 2017, dkt. 425. Her plea agreement stated that she agreed not to "contest, or seek to modify" her sentence, including in "an action brought under 18 U.S.C. § 3582," with an exception not relevant here. Dkt. 164 at 11. Defendant entered into her plea agreement before the First Step Act was

---

[1] The Court notes that, with his response, Defendant's counsel filed documents that appear to show that more than 30 days have passed since Defendant made an administrative request for compassionate release. Dkts. 557-1 and 557-2. The Court will not, however, resolve the exhaustion issue at this time. The Court urges Defendant's counsel to confer with the United States to see if the United States will concede that Defendant has exhausted her administrative remedies. If the United States will not make such a concession, counsel may submit additional evidence in keeping with the terms of this Order.

enacted. At the time of her plea agreement, § 3582 provided that only the Bureau of Prisons ("BOP") could bring a motion for sentence reduction based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A) (2016). The First Step Act, enacted on December 21, 2018, provided for the first time the ability to seek a sentence reduction under § 3582 upon a defendant's motion. *See* 132 Stat. 5194, 5239 (2018) (First Step Act, § 603).

In order for a waiver of rights to be knowing and voluntary, a defendant must understand the choice confronting her. *United States v. Alcala*, 678 F.3d 574, 579 (7th Cir. 2012). Further, a waiver provision in a plea agreement is only applicable to rights available to the defendant at the time the plea is entered. *United States v. Olano*, 507 U.S. 725, 733 (1993) ("[W]aiver is the 'intentional relinquishment or abandonment of a known right.'") (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). Because Defendant did not have the right to petition for a sentence reduction based on "extraordinary and compelling reasons" under § 3582 at the time she pled guilty, she could not have knowingly waived the right to do so at the time she entered her plea. Defendant therefore did not waive her right to petition the Court for a sentence modification based on "extraordinary and compelling reasons" in her plea agreement. *See United States v. Burrill*, 445 F. Supp. 3d 22, 25 (N.D. Cal. 2020) (reaching same conclusion); *compare United States v. Egebrecht*, No. 2:17-cr-00007-JRS-CMM-01, 2020 WL 3510775, at *2–4 (S.D. Ind. June 29, 2020) (finding motion for compassionate release barred by plea waiver where defendant entered into plea agreement after First Step Act was enacted). The United States does not cite any cases holding that a defendant who signed a plea waiver before the First Step Act was enacted is barred from pursuing a motion for compassionate release directly with a district court.

Accordingly, the United States' motion to dismiss, dkt. [550], is **denied**. The case will continue to proceed as set forth in the Court's August 28 Order.

**IT IS SO ORDERED.**

Date:     10/6/2020

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

All Electronically Registered Counsel