UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-25-SEB-MJD-02 |
| v. | |
| BROOKLYNN MACK | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:16-cr-00025-SEB-MJD |
| BROOKLYNN MACK, | ) ) | -02 |
| Defendant. | ) ) | |

## ORDER

Defendant Brooklynn Mack filed a pro se motion for compassionate release requesting a sentence reduction under § 603 of the First Step Act of 2018, and appointed counsel filed a memorandum in support of the motion. Dkts. 537, 568. Ms. Mack seeks immediate release, dkt. 568 at 1, arguing (1) that she needs to care for her young children because their current guardian—Ms. Mack's mother—has serious medical conditions that limit her ability to care for the children; and (2) Ms. Mack's medical conditions place her at risk of serious illness should she contract COVID-19. *Id.* at 7-17. For the reasons explained below, Ms. Mack's motion is **denied**.

**I. Background**

Ms. Mack pleaded guilty to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and one count of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). Dkt. 164. As part of her plea agreement, Ms. Mack admitted the following facts:

- Bennito Rodriguez (Ms. Mack's husband) operated a methamphetamine, oxymorphone, and heroin distribution cell in Scottsburg, Indiana, from early 2014 to February 5, 2016;
- the conspiracy was responsible for distributing almost 10,000 pills of Opana—each containing 40 milligrams of oxymorphone, approximately 44.6 ounces of methamphetamine, and 22.3 ounces of heroin;

- Ms. Mack participated in the conspiracy by distributing controlled substances to drug customers and collecting money, accompanying others to obtain controlled substances, and booking hotel rooms that were used to conduct drug transactions; and
- on one occasion, Ms. Mack delivered approximately 22 grams of methamphetamine to a confidential informant.

Dkt. 164 at ¶ 18.

A presentence investigation report ("PSR") was prepared prior to Ms. Mack's change of plea and sentencing hearing. Dkt. 314. The PSR calculated a total offense level of 26 and a criminal history category of V. *Id.* at ¶¶ 29, 39. It listed two prior felony convictions for Ms. Mack: (1) a 2005 conviction for theft in Scott County, Indiana; and (2) a 2006 conviction for possession of cocaine in Scott County, Indiana. *Id.* at ¶¶ 33, 35. Ms. Mack also had several prior convictions for misdemeanors, and she had probation revoked or extended on three occasions. *Id.* at ¶¶ 32-38. Because of the ten-year statutory minimum term of imprisonment, Ms. Mack's guidelines range was 120 to 137 months' imprisonment. *Id.* at ¶ 80.

In January 2017, Ms. Mack pleaded guilty, and the Court sentenced her to an aggregate sentence of 120 months' imprisonment and five years' supervised release. Dkts. 425, 428.

Ms. Mack initially filed her motion for compassionate release pro se, dkt. 537, and the Court appointed counsel to represent her in this matter, dkt. 539. Counsel thereafter filed a memorandum in support of Ms. Mack's motion for compassionate release. Dkt. 568. Ms. Mack asserted two arguments in support of her request for immediate release: (1) the COVID-19 pandemic, combined with her medical conditions, presents a serious risk to her health; and (2) she needs to care for her minor children because her mother's medical conditions and financial situation render her unable to continue to provide care for the children. Dkt. 568 at 7-17. The United States opposed Ms. Mack's motion, arguing in part that she has not established an extraordinary and compelling reason warranting a sentence reduction, that she presents a danger

3

to the community, and that the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction.[1] Dkt. 575. Ms. Mack filed a reply wherein she continued to argue that the COVID-19 pandemic and her family circumstances constituted extraordinary and compelling reasons to grant a sentence reduction. Dkt. 577.

In July 2021, the Court ordered Ms. Mack to show cause why the Court should not find that the COVID-19 pandemic no longer constitutes an extraordinary and compelling reason for a sentence reduction in light of the availability of vaccines and the Seventh Circuit's decision in *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021). Dkt. 599. The Court warned Ms. Mack that a failure to respond to the Order to Show Cause would result in a finding that she abandoned this argument. *Id.* Ms. Mack did not respond to the Court's Order, so the Court will consider only her argument that compassionate release is warranted on the basis of her need to care for her minor children.[2]

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

---

[1] The United States also argues that Ms. Mack waived her right to file a motion for compassionate release. Dkt. 575 at 15-16. Ms. Mack executed her plea agreement in April 2016, dkt. 164, and the Court accepted it in January 2017, dkt. 425. In cases where a defendant signed a similar waiver and pleaded guilty before enactment of the First Step Act, this Court has consistently found that the defendant did not knowingly and voluntarily waive the right to file a compassionate release motion because the right to file such a motion did not exist when the defendant agreed to the waiver. *See, e.g.*, *United States v. Rice*, No. 2:15-cr-19- JMS-CMM-10, dkt. 805, at 4–5 (S.D. Ind. Sept. 24, 2020) (denying motion to dismiss on basis of plea waiver); *United States v. Ayers*, No. 1:17-cr-255-TWP-TAB-01, dkt. 60 at 2–3 (S.D. Ind. Sept. 24, 2020) (same). That conclusion applies here: because Ms. Mack signed her waiver well before enactment of the First Step Act, she did not knowingly and voluntarily waive the right to file a compassionate release motion.

[2] Because Ms. Mack abandoned her argument that the COVID-19 pandemic constitutes an extraordinary and compelling reason for compassionate release, the Court need not address the United States's argument that Ms. Mack has not exhausted her administrative remedies with respect to this argument. *See* dkt. 575 at 15-16.

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act was enacted on December 21, 2018, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before

passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations: First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act

amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F. 3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[3] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Ms. Mack seeks immediate release based on subsection (C) of Application Note 1 to § 1B1.13—she contends that the caregiver of her minor children has become incapacitated. Specifically, she asserts that her mother can no longer provide care for Ms. Mack's three minor children because of medical conditions and financial hardship. Dkt. 568 at 8-10. Ms. Mack's mother—Debbie—executed a declaration stating that she is "unable to continue providing care for [Ms. Mack's] children." Dkt. 568-4. Debbie states that she suffers from rheumatoid arthritis, that she was recently diagnosed with cancer, and that she has delayed receiving surgery to address her

---

[3] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court would typically consider the rationale provided by Ms. Mack's warden in denying her administrative request for relief. However, it appears that neither party provided a copy of the warden's response to the administrative remedy.

congestive heart failure because "the children require her constant care." *Id.* She avers that there are no maternal relatives that can care for the children and that the paternal relatives have no relationship with the children. *Id.*

Even if the Court were to assume without deciding that Ms. Mack's family circumstances could establish an extraordinary and compelling reason to grant release, the Court would nevertheless deny her motion because the applicable § 3553(a) sentencing factors weigh against release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Ms. Mack's motion.

Weighing in Ms. Mack's favor under the Court's § 3553(a) analysis, she reports that she has completed several courses while incarcerated, including residential drug education and GED coursework. Additionally, Ms. Mack has received vocational training as an electrician, and she has maintained a clear disciplinary record, dkt. 568-8.

Weighing against Ms. Mack is the fact that her crimes were serious. Although she was not involved in all aspects of the conspiracy, she was "fully aware of it." Dkt. 314 at ¶ 12. The conspiracy distributed a significant amount of three different types of controlled substances in an area that has been ravaged by drug abuse. *See* dkt. 314 at ¶ 10. The Court notes that Ms. Mack has had her probation revoked or extended on three occasions, and she has served less than six years of the ten-year minimum sentence triggered by the amount of controlled substances involved in the conspiracy. Granting Ms. Mack's request for immediate release would amount to a significant reduction in Ms. Mack's statutorily required sentence. Finally, the BOP has concluded that Ms. Mack presents a medium risk of recidivism. Dkt. 568-9.

In light of these considerations, the Court finds that releasing Ms. Mack at this time would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. *See United States. v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion such as Ugbah's is enough; more would be otiose.").

**III. Conclusion**

For the reasons stated above, Ms. Mack's motion for compassionate release, dkt. [537], is **denied**. If Ms. Mack's circumstances change significantly, she may file a renewed motion.

**IT IS SO ORDERED.**

Date: 1/5/2022

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel